THE STATE v. HUTCHINSON.

1. **Intoxicating Liquors:** CIDER INCLUDED. The sale of cider, when intoxicating, is forbidden by the statutes for the suppression of intemperance, it being included in the term "intoxicating liquors," as defined by the substitute for § 1555 of the Code, enacted by the Twentieth General Assembly.

*Appeal from Dallas District Court* — HON. O. B. AYRES, *Judge.*

WEDNESDAY, OCTOBER 12.

THE defendant was accused of the crime of nuisance, committed, as was alleged in the indictment, by keeping a building and place in which he kept intoxicating liquors, with intent to sell the same contrary to law. On the trial there was evidence which tended to prove that he kept a place in which he kept and sold cider, manufactured from apples, and that the same was intoxicating. The district court ruled that the sale of cider is not prohibited by the statutes of the state, and directed the jury to acquit defendant; and, a verdict of not guilty having been returned by the jury in obedience to that direction, judgment was entered discharging the defendant. The state appeals.

*A. J. Baker, Attorney-general,* and *D. W. Woodin, County-attorney,* for the State.

*White & Clark,* for defendant.

REED, J.— Prior to the 4th day of July, 1884, the following section constituted a part of the statute for the suppression of intemperance:

"Sec. 1555. Wherever the words 'intoxicating liquors' occur in this chapter, the same shall be construed to mean alcohol, and all spirituous and vinous liquors; provided, that nothing herein shall he so construed as to forbid the manufacture and sale of beer, cider from apples, or wine from grapes, currants, or other fruits grown in this state."

The Twentieth General Assembly enacted the following statute:

"Be it enacted by the general assembly of the state of Iowa, that section 1555, chapter 6, title 11, of the Code, be, and the same is hereby, repealed, and the following is enacted in lieu thereof:

"Sec. 1555. Wherever the words 'intoxicating liquors' occur in this chapter, the same shall be construed to mean, alcohol, ale, wine, beer, spirituous, vinous and malt liquors, and all intoxicating liquors whatever. And no person shall manufacture for sale, or sell, or keep for sale as a beverage, any intoxicating liquors whatever, including ale, wine, and beer. And the same provisions and penalties of law in force relating to intoxicating liquors shall in like manner be held and construed to apply to violations of this act, and to the manufacture, sale or keeping for sale, or keeping with intent to sell, or keeping or establishing a place for the sale of, ale, wine, and beer, and all other intoxicating liquors whatever."

There can be no doubt as to the effect of this section. Before its enactment, cider manufactured from apples was expressly excluded from the operation of the prohibition against the sale of intoxicating liquors. It might lawfully be sold, although intoxicating. But this section thus excluding it was repealed by the one in question, and, while the new section does not in express words name it as one of the liquors the sale of which is forbidden, it does, by unmistakable language, bring intoxicating liquors of every kind and variety within the operation of the prohibition. The words, "all intoxicating liquors whatever," in the first clause, also the closing words of the section, "and all other intoxicating liquors whatever," are incapable of any other construction; and this construction is in accord with the rule invoked by counsel for defendant, that when particular words in a statute are followed by general ones, the latter are to be held as applying to persons and things of the same kind as those which precede. Potter's Dwar. St., 236. But, if it were

otherwise, neither that nor any other recognized rule of construction would justify us in putting an interpretation on the language which would defeat the manifest intention of the legislature; for it is the duty of the court, in construing the language of a statute, to adopt that sense which will promote the apparent policy and object of the legislature. We think that the learned judge of the district court erred in excluding the evidence, and in directing the verdict of acquittal. But, as the defendant has been acquitted, he cannot, of course, be tried again upon the charge.

REVERSED