EDWARD HALLORAN, Plaintiff, v. HON. WM. HUTCHINSON, Judge, Defendant.

INTOXICATING LIQUORS: Injunction—Violation—Sale of Hard Cider. Evidence reviewed and held to show that the sale of hard cider containing 4.6% of alcohol rendered the seller guilty of contempt in violating an injunction against the sale of intoxicating liquors.

*Certiorari from Lyon District Court.*—HON WM. HUTCHINSON, Judge.

FRIDAY, JUNE 18, 1915.

CERTIORARI proceedings to the district court of Lyon County, to review the proceedings of that court finding the

plaintiff guilty of contempt in violating an injunction against the sale of intoxicating liquors.—*Affirmed.*

*S. D. Riniker,* for plaintiff.

*Simon Fisher* and *H. B. Pierce,* for defendants.

DEEMER, C. J.—Plaintiff, who was and is the keeper of a lunch counter and pool hall, in the town of Rock Rapids, was, on April 25, 1914, temporarily enjoined by the district court of Lyon county from the selling or keeping for sale of intoxicating liquors. The order was entered April 25, 1914, and it continued in force down until proceedings for contempt were lodged against him. The information for contempt was filed July 2, 1914, and a hearing was had thereon on the 10th day of that month. Plaintiff was charged with selling hard cider to one Bowen on June 6, 1914, and with various other illegal sales to unknown parties after the issuance of the temporary injunction; and upon hearing he was found guilty of the contempt charged.

1. INTOXICATING LIQUORS : injunction : violation : sale of hard cider.

This proceeding is to review that finding, and the main proposition relied upon is that the testimony does not warrant the conclusion of the trial court. Under our statutes, hard cider, if in fact intoxicating, is classed as an intoxicating liquor, and is under the same legal ban as other intoxicants. *State v. Hutchinson,* 72 Iowa 561. And proof that liquor used as a beverage contains an appreciable amount of alcohol is sufficient to establish its character as an intoxicant. See Code, Sec. 2382, as explained in *State v. Colvin,* 127 Iowa 632, and the cases therein cited.

There can be no doubt that Bowen purchased some cider from the plaintiff on or about June 6, 1914; for plaintiff admits it, and the proof is abundant. Some of this cider was chemically analyzed and tested a few days after its purchase of plaintiff, and was found to contain 3.68% by weight and 4.60% by volume of alcohol. Assuming that fermentation

had progressed with ordinary rapidity during the time intervening between its purchase and analysis, it must have contained, when purchased, a rather large percentage of alcohol.

A disinterested witness also testified that he smelled the cider, and that it had a very strong odor; that he would call it hard cider.

Plaintiff also testified that he drew the cider sold to Bowen from a keg which he had had for some time, and that it was from the bottom of the very last keg he had; that he told the purchaser and another that this would be the last he would get. Plaintiff and some of his witnesses testified that they thought the cider was sweet, but the testimony on the part of the State, as to the actual analysis of the cider purchased, cannot be overlooked or disregarded.

The trial court was justified in finding plaintiff guilty of the contempt charged, and the judgment must be, and it is,— *Affirmed.*

WEAVER, EVANS and PRESTON, JJ., concur.